IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

GREGORY GOFF,

    Petitioner,

v.                                                                                                         No. 1:19-cv-01245-JDB-jay

STATE OF TENNESSEE,

    Respondent.


ORDER CONSTRUING PLEADING AS A § 2254 PETITION,
DISMISSING PETITION WITHOUT PREJUDICE,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On October 15, 2019, Petitioner, Gregory Goff, filed a *pro se* habeas corpus petition (the "Petition"), on a pleading form used for cases brought pursuant to 28 U.S.C. § 2241. (Docket Entry ("D.E.") 1.) The Petition is before the Court for preliminary review. For the following reasons, the Petition is DISMISSED.

The inmate challenges a conviction from the Madison County Circuit Court dated October 10, 2019,[1] on grounds relating to the sufficiency of the evidence. (*Id.* at PageID 1, 6–7.) The Petition is therefore in the nature of a pleading brought pursuant to 28 U.S.C. § 2254, and the Court liberally construes it as such. *See* 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") (emphasis added).

Under these circumstances, the Court would normally require the inmate to refile the Petition on the Court's § 2254 form. However, it is apparent that Goff has not exhausted his state

---

[1] Petitioner does not explain the nature of the conviction.

court remedies, as required by statute. *See* 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."). Specifically, he admits that his "case [is] still pending" before the trial court. (D.E. 1 at PageID 2.) Because the claims presented in the Petition have not been exhausted, dismissal of the Petition is warranted. *See Rose v. Lundy*, 455 U.S. 509, 518–22 (1982).

The Petition is therefore DISMISSED without prejudice.

## APPEAL ISSUES

A § 2254 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)–(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252–53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[2]

IT IS SO ORDERED this 7th day of November 2019.

    s/ J. DANIEL BREEN
    UNITED STATES DISTRICT JUDGE

---

[2] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.